IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FRANK J. VISCONI, )
)
    Plaintiff, )
) No. 3:12-cv-01012
v. ) Senior Judge Haynes
)
UNITED STATES GOVERNMENT, )
)
    Defendant. )

## MEMORANDUM

Plaintiff, Frank J. Visconi, filed this pro se action, under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, seeking judicial review of alleged arbitrary and capricious action by the Board for Correction of Naval Records ("BCNR") in failing to correct his military records. Plaintiff alleges that he served in Vietnam from March 1965 through March 1966, and that the BCNR and the United States Marine Corps Headquarters Manpower Management Division, Military Awards Branch ("MMMA") refused to correct his military service record regarding medical treatment, dates of service, operations in which he participated, and awards earned after he repeatedly provided documentation to support the corrections from March 2006 through September 2010.

Plaintiff filed five motions to supplement his pleading (Docket Entry Nos. 4, 8, 10, 20, 54) that were granted, as well as a motion for leave to file supplemental pleading (Docket Entry No. 36) that was denied, although the Court stated that it would consider the information attached to this motion on the issue of the Court's jurisdiction in this action. Plaintiff filed a motion for summary judgment (Docket Entry No. 35) and Defendant filed a motion to dismiss, or in the alternative for summary judgment (Docket Entry No. 44). The Court concluded that the decisions of the BCNR and MMMA to deny Plaintiff's requests to amend his military records were based upon substantial

evidence and were neither arbitrary nor capricious. (Docket Entry No. 58 at 15). Thus, the Court denied Plaintiff's motion for summary judgment, granted Defendant's motion to dismiss, and this action was dismissed with prejudice. (Docket Entry No. 59). Plaintiff appealed the Court's decision to the Sixth Circuit, and the Sixth Circuit affirmed the Court's judgment and noted that Plaintiff's fiduciary duty claim is outside the limited scope of review authorized under the APA. (Docket Entry No. 70).

Before the Court is Plaintiff's motion to vacate (Docket Entry No. 72) the Order denying Plaintiff's motion for summary judgment, granting the Defendant's motion to dismiss, and dismissing this action with prejudice. (Docket Entry No. 59). Plaintiff has filed seven motions to file supplementary briefs (Docket Entry Nos. 73, 74, 76, 81, 82, 83, 85), a motion for "summary judgment and/or default judgment" (Docket Entry No. 77), a motion requesting oral argument (Docket Entry No. 84), a praecipe (Docket Entry No. 86), and a motion to grant his motion to vacate (Docket Entry No. 87).

In his motion to vacate, Plaintiff refers to both Fed. R. Civ. P. 59 and Fed. R. Civ. P. 60. For relief under a Rule 59(e) motion to alter or amend, there must be "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005) (citing GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)). A motion to alter or amend should not reargue issues already advanced and rejected by the Court. See Hrivnak v. NCO Portfolio Mgmt., 994 F.Supp.2d 889, 906 (N.D. Ohio 2014) (citing Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)). Further, a motion to alter or amend "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

As to Rule 60, a court may relieve a party from a final judgment, order, or proceeding under Rule 60(b) where the moving party shows:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order . . . ." Fed. R. Civ. P. 60(c)(1).

Here, Plaintiff primarily cites new evidence under Rule 60(b)(2) as the basis for his motion to vacate. (Docket Entry No. 72 at 4-14; Docket Entry No. 73 at 2-4; Docket Entry No. 75 at 2; Docket Entry No. 79 at 5-6; Docket Entry No. 81 at 1; Docket Entry No. 82 at 1-4; Docket Entry No. 85 at 1). Plaintiff also cites Rule 60(b)(3) regarding fraud. (Docket Entry No. 74 at 1-4; Docket Entry No. 75 at 2). Yet, Plaintiff filed his motion to vacate approximately 2 years and 9 months after the Court entered its Order dismissing this action with prejudice.[1] Thus, Plaintiff's motion was filed neither within 28 days as required for relief under Rule 59(e), nor within 1 year as required for relief under Rule 60(b)(1), (2), and (3). Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(c)(1).

Plaintiff contends that these time requirements should be equitably tolled because Plaintiff has continually communicated with the BCNR since before he filed the complaint in this action. (Docket Entry No. 72 at 3; Docket Entry No. 79 at 2; Docket Entry No. 86 at 3). Plaintiff also argues

---

[1] On June 7, 2013, the Court entered an Order dismissing this action with prejudice. (Docket Entry No. 60). On March 9, 2016, Plaintiff filed his motion to vacate the Court's Order. (Docket Entry No. 72).

3

that the Court has discretion to "override" the timing requirements of Rule 60. (Docket Entry No. 84 at 3-4). Both of Plaintiff's arguments are mistaken. The Sixth Circuit has explained that, "[r]egardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2), or (3) a year after judgment." In re G.A.D., Inc., 340 F.3d 331, 334 (6th Cir. 2003) (citing Fed. R. Civ. P. 60(b); McDowell v. Dynamics Corp. of America, 931 F.2d 380, 384 (6th Cir.1991)). Thus, the Court concludes that Plaintiff's motion to vacate regarding Rule 59(e), Rule 60(b)(2), and Rule 60(b)(3) is untimely and should be denied.

Plaintiff requests that some of the new evidence cited in his motion to vacate should also be considered under Rule 60(b)(6). (Docket Entry No. 74 at 1). Plaintiff has submitted documents reflecting that he was awarded a Purple Heart and a Bronze Star to the BCNR and to this Court. Plaintiff has also submitted a letter from Samuel Killeffer, addressed to the BCNR and dated July 9, 2012, that refuted the authenticity of these documents. (Docket Entry No. 72-7 at 1-4). Plaintiff argues, in essence, that Killeffer's letter is a "reason that justifies relief" under Rule 60(b)(6) because it improperly interfered with and sabotaged Plaintiff's BCNR claim. (Docket Entry No. 75 at 2; Docket Entry No. 76 at 2-5; Docket Entry No. 79 at 6-9).

Rule 60(b)(6) "applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." GenCorp, Inc. v. Olin Corp., 477 F.3d 368, 372 (6th Cir. 2007) (citations and internal quotation marks omitted). "In short, a party cannot escape the time limitations applicable to certain Rule 60 provisions by dressing its claim in subsection (b)(6) clothes." Gen. Med., P.C. v. Horizon/CMS Health Care Corp., 475 F.App'x 65, 75 (6th Cir. 2012) (citations omitted). "[T]he decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of

4

the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund, 249 F.3d 519, 529 (6th Cir. 2001) (citation omitted).

Here, Killeffer's letter is new evidence, and should be considered untimely under Rule 60(b)(2). As stated above, a party cannot avoid the time limitations for Rule 60(b) (1), (2), and (3), by merely invoking subsection (6). See Gen. Med., P.C., 475 F.App'x at 75. Even considering Killeffer's letter under Rule 60(b)(6), the letter does not constitute "exceptional or extraordinary circumstances" as required for relief. GenCorp, Inc., 477 F.3d at 372. Plaintiff requested an injunction against Killeffer in a motion to supplement his original complaint. (Docket Entry No. 4 at 3-4). There, as in the motion before the Court, Plaintiff argued that Killeffer sabotaged Plaintiff's efforts to correct his military record by communicating with the BCNR during Plaintiff's claim with the BCNR. Compare id. at 4, with (Docket Entry No. 75 at 2; Docket Entry No. 76 at 2-5; Docket Entry No. 79 at 6-9). Because the Court granted Plaintiff's first motion to file a supplemental pleading (Docket Entry No. 5), the Court considered this argument in its Memorandum and Order dismissing Plaintiff's action. "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." Jinks v. Allied Signal, Inc., 250 F.3d 381, 385 (6th Cir. 2001).

Moreover, Plaintiff must demonstrate that he filed his motion for relief under Rule 60(b)(6) "within a reasonable time." Fed. R. Civ. P. 60(c)(1). The Sixth Circuit has explained that a "reasonable time" in this context "depends on the factual circumstances of each case, and a moving party must articulate a reasonable basis for delay." Tyler v. Anderson, 749 F.3d 499, 510 (6th Cir. 2014) (citations omitted). As to a basis for delay, Plaintiff states that he did not discover Killeffer's

letter within the time required by Rule 60 because of "BCNR's untimely response to Plaintiff's request for all documents having to do with [his] case." (Docket Entry No. 79 at 6, 9). Thus, Plaintiff does not specify when he received Killeffer's letter from BCNR and the Court cannot determine whether Plaintiff filed his motion to vacate within a "reasonable time." Thus, the Court concludes that Plaintiff motion to vacate relating to Killeffer's letter does not entitle him to relief under Rule 60(b)(6), and that Plaintiff does not demonstrate that he filed his motion within a "reasonable time" as required but Rule 60(c)(1).

Finally, Plaintiff contends that his motion to vacate is a "new case," separate from his action that was dismissed. (Docket Entry No. 84 at 2; Docket Entry No. 86 at 4; Docket Entry No. 87 at 1). Plaintiff is mistaken. Plaintiff's motion to vacate is a part of the case Plaintiff filed on October 2, 2012, (Docket Entry No. 1), that the Court dismissed with prejudice on June 7, 2013, (Docket Entry No. 59), and that the Sixth Circuit affirmed dismissal of on April 14, 2014, (Docket Entry No. 70).

For these reasons, the Court does not discern any factual or legal basis to set aside the Court's prior Memorandum and Order of dismissal. Accordingly, Plaintiff's motion to vacate (Docket Entry No. 72) should be denied and this action should be dismissed with prejudice.

An appropriate Order is filed herewith.

**ENTERED** this the __31st__ day of October, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge